USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: May 13, 2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA            :
                                    :   15 CR 878 (VM)
     - against -                    :
                                    :   **ORDER**
KARIEM BROADNAX,                    :
                                    :
               Defendant.           :
------------------------------------X

**VICTOR MARRERO, United States District Judge.**

The Court sentenced defendant Kariem Broadnax ("Broadnax") on March 22, 2019 to 210 months' imprisonment followed by 3 years' supervised release. (See "Judgment," Dkt. No. 131.) Broadnax had pleaded guilty on October 22, 2018 to Counts 1 and 2 of a superseding information. Count 1 charged him with conspiracy to commit Hobs Act robbery, in violation of 18 U.S.C. Section 1951. Count 2 charged him with using, carrying, and possessing a firearm and aiding and abetting the same, during and in relation to a Hobbs Act robbery in 2015, in violation of 18 U.S.C. Section 924(c)(A)(l)(i). (See "Superseding Information," Dkt. No. 117.) Broadnax is serving his sentence in F.C.I. Allenwood.

On April 8, 2020, Broadnax requested immediate compassionate release pursuant to 18 U.S.C. Section

3582(c)(1)(A) ("Section 3582"). (See "April 8 Letter."[1]) He points to his health conditions and notes the dangers presented by the COVID-19 pandemic. (April 8 Letter at 1.)

Section 3582 allows a court to reduce a term of imprisonment or supervised release but only upon motion of the Director of the Bureau of Prisons ("BOP") or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." See Section 3582(c)(1)(A). Section 571.61 of Title 28 of the Code of Federal Regulations sets forth how an inmate must submit a request under Section 3582 to the BOP.

Broadnax does not indicate whether he sought relief from the warden of his facility, or took any other steps to exhaust his administrative remedies before seeking compassionate release. While other courts in this district have waived the exhaustion requirements of Section 3582, see, e.g., United States v. Scparta, No. 18 CR 578, 2020 WL 1910481, at *8

---

[1] Because the April 8 Letter contains sensitive health information, the Court will file it under seal.

2

(S.D.N.Y. Apr. 20, 2020), this Court is not persuaded that it can waive Section 3582's exhaustion requirements. As the Supreme Court has instructed, "[w]here Congress specifically mandates, exhaustion is required." McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Any argument that it would be futile for Broadnax to exhaust his administrative remedies is unavailing, given that the statute contains an express futility provision, permitting him to seek judicial relief if the BOP does not act on his request within thirty days. See Section 3582; see also Booth v. Churner, 532 U.S. 731, 741 n.6 (2001) ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."); Theodoropoulos v. I.N.S., 358 F.3d 162, 172 (2d Cir. 2004) ("[C]ourts are required to strictly enforce statutory exhaustion requirements."). Because Broadnax has not demonstrated exhaustion, the Court must deny his motion.

The Court notes that Broadnax also argues that his conviction on Count 2 must be vacated pursuant to United States v. Davis, 139 S. Ct. 2319 (2019). The Court notes that Broadnax has appealed his conviction as invalid under Davis and that the Government is seeking a summary affirmance. See United States v. Broadnax, No. 19-844, Dkt. No. 52 (2d Cir. 2019). It is unclear whether Broadnax intends to bring a

3

petition for habeas relief pursuant to 28 U.S.C. Section 2255, but because Broadnax has appealed his conviction on the same grounds set forth in his letter, the Court will not address his argument here. See Hall v. LeClaire, No. 10 Civ. 3877, 2015 WL 6395869, at *2 (S.D.N.Y. Oct. 21, 2015) (petition for a writ of habeas corpus "premature" where the "direct appeal [is] still pending").

Accordingly, it is hereby

**ORDERED** that defendant Kariem Broadnax's ("Broadnax") motion for compassionate release (filed separately under seal) is **DENIED.** Broadnax may renew his application for relief upon compliance with the terms of the statute. The Clerk of Court is directed to mail a copy of this Order to Broadnax and note service on the docket.

**SO ORDERED.**

Dated: New York, New York
       13 May 2020

_____
Victor Marrero
U.S.D.J.