```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/12/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
KARIEM BROADNAX,                     :
        Petitioner,          :
                                         :   15 Crim. 878 (VM)
    -against-                       :   22 Civ. 537  (VM)
                                         :   **DECISION AND ORDER**
UNITED STATES OF AMERICA,            :
        Respondent.          :
------------------------------------X

**VICTOR MARRERO, United States District Judge:**

On October 22, 2018, petitioner Kariem Broadnax ("Broadnax") pled guilty to one count of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. Section 1951 ("Count One") and one count of using, carrying, and possessing a firearm and aiding and abetting the same during and in relation to a different Hobbs Act robbery ("Count Two"), in violation of 18 U.S.C. Section 924(c)(1)(A) ("Section 924(c)"). On March 22, 2019, Broadnax was sentenced to 150 months' imprisonment on Count One and a sixty-month mandatory consecutive sentence on Count Two, for a total of 210 months' imprisonment. (See "Judgment," Dkt. No. 131.[1]) The Second Circuit affirmed the conviction and sentence on October 27, 2020. (See "Second Circuit Mandate," Dkt. No. 174.) Broadnax filed a petition for a writ of certiorari with the United States Supreme Court, but his filing was rejected because his

---

[1] Unless otherwise noted, all citations to docket entries refer to the criminal docket in this matter, No. 15 Crim. 878.

1

motion to recall the Second Circuit's mandate was pending. The recall motion was denied on May 5, 2021 and Broadnax did not re-file his petition for a writ of certiorari.

Instead, he filed the pro se motion now before the Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. Section 2255 ("Section 2255") due to alleged ineffective assistance of counsel. (See "Motion," United States v. Broadnax, No. 15 Crim. 878 (the "Criminal Docket"), Dkt. No. 175; Broadnax v. United States, No. 22 Civ. 537 (the "Civil Docket"), Dkt. No. 1.) Also before the Court is the Government's opposition to the Motion. (See "Opposition," Dkt. No. 191) and Broadnax's reply. (See "Reply," Dkt. No. 194.) For the following reasons, the Motion is DENIED.

## I.   BACKGROUND

A.   RELEVANT PROCEDURAL HISTORY

Broadnax was arrested on January 6, 2016. 878. He was arraigned on January 7, 2016, and appointed counsel pursuant to the Criminal Justice Act ("CJA Counsel"). On September 22, 2016, a grand jury returned superseding indictment S3 15 Crim. 878, which charged Broadnax with crimes including racketeering conspiracy, murder in aid of racketeering, conspiracy to commit murder in aid of racketeering, Hobbs Act robbery, and multiple firearms offenses. (See Dkt. No. 35.) In light of these new charges, which included a capital crime,

the Executive Director of the Federal Defenders of New York recommended the Court appoint additional counsel. The Court granted this request, and Broadnax was appointed a second attorney on September 30, 2016 (together with CJA Counsel, "Trial Counsel").

On October 22, 2018, the Government filed superseding information S6 15 Crim. 878 containing only Count One and Count Two and, that same day, Broadnax pled guilty to both counts before Magistrate Judge Parker. During the plea colloquy, Magistrate Judge Parker asked the Government to recite the elements of both counts. With regard to the Section 924(c) count, the Government listed all requisite elements, including that it needed to prove that Broadnax knowingly used, possessed, or carried a firearm during and in relation to or in furtherance of the commission of a crime of violence, or aided and abetted the same. The Government clarified that, "[i]n this case the crime of violence was the Hobbs Act robbery of a construction site in the Bronx on or about June 13, 2015, in violation of 18 United States Code Section 1951." ("Change of Plea Transcript," Dkt. No. 120, at 14.) This Court accepted the guilty plea, finding a factual basis for the plea and that the plea was entered knowingly and voluntarily, on October 30, 2018. On March 25, 2019, Broadnax was sentenced to a total of 210 months' imprisonment, including sixty months

for Count Two, the Section 924(c) offense.

Broadnax appealed his conviction and sentence, arguing that conspiracy to commit Hobbs Act robbery was not a crime of violence and could not constitute the underlying offense for a Section 924(c) conviction. Trial Counsel did not represent Broadnax on appeal, as he retained new counsel ("Appellate Counsel.") The Second Circuit affirmed the judgment of the district court on October 27, 2020, finding the appeal frivolous because the "record on appeal shows that the predicate act for [Broadnax's] Section 924(c) offense of conviction 'was the Hobbs Act robbery of a construction site in the Bronx on or about June 13, 2015.'" ("Second Circuit Mandate," Dkt. No. 174 (quoting Change of Plea Transcript at 14.).)

On January 20, 2022, Broadnax filed the instant motion to vacate, set aside, or correct his sentence pursuant to Section 2255. The Court was unable to verify the finality of the underlying criminal judgment, as Broadnax had indicated he filed a petition for a writ of certiorari but provided no further information regarding that petition, but, upon request, Broadnax provided clarification showing his conviction was final and his Section 2255 Motion was timely. (See Civil Dkt. No. 5.) The Court ordered the Government to respond to the Motion, and the Government filed its Opposition

4

on June 27, 2022. Broadnax then filed a Reply in further support of the Motion on July 15, 2022.

B.   THE PARTIES' ARGUMENTS

Broadnax raises several claims for relief, mostly alleging ineffective assistance of counsel. First, he argues that Trial Counsel was ineffective for failing to recognize or investigate that Hobbs Act robbery (or conspiracy to commit Hobbs Act robbery) may not be a crime of violence, which would have impacted both his Section 924(c) conviction and the triggering of the career offender guideline found in U.S.S.G. Section 4B1.1 ("Section 4B1.1"). Second, he contends that Appellate Counsel was ineffective for failing to raise that the "instant offense" was not categorically a crime of violence on direct appeal. (Motion at 6.) He also argues that he is entitled an evidentiary hearing on whether either Trial Counsel or Appellate Counsel was ineffective by failing to research whether his crimes met the definition of a "crime of violence" under the Sentencing Guidelines' Section 4B1.1. Last, Broadnax argues he was sentenced "in violation of the Constitution or laws of the United States" for the Section 924(c) charge because Hobbs Act robbery is not categorically a crime of violence. (Motion at 9.)

The Government counters that neither Trial Counsel nor Appellate Counsel was ineffective because (1) whether Hobbs

5

Act robbery is a crime of violence was irrelevant to the Guidelines calculation adopted at Broadnax's sentencing; (2) Hobbs Act robbery is categorically a crime of violence; and (3) Broadnax received a highly favorable plea agreement, so any arguments that Trial Counsel was deficient in negotiating that agreement are unfounded. The Government also argues that, even if either counsel erred, Broadnax was not prejudiced by that ineffectiveness.

## II. **LEGAL STANDARD**

### A.  Ineffective Assistance of Counsel

"In order to establish an ineffective assistance claim, a petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." Cardoza v. Rock, 731 F.3d 169, 178 (2d Cir. 2013). With respect to the performance prong, "counsel should be strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. To overcome that presumption, a defendant must show that counsel failed to act reasonably considering all the circumstances." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (internal marks and citations omitted).

While courts are thus deferential to defense counsel's strategic decisions, those decisions must be within "the wide range of reasonable professional assistance." Strickland v.

United States, 466 U.S. 668, 689 (1984). The petitioner must rebut the presumption that counsel was adequate with evidence demonstrating counsel's deficient performance, as "the absence of evidence cannot overcome" the strong presumption of reasonableness. Burt v. Titlow, 571 U.S. 12, 23 (2013). Courts measure the reasonableness of an attorney's performance based on the time their conduct occurred, not with additional factual or legal knowledge gained in hindsight. See Parisi v. United States, 529 F.3d 134, 141 (2d Cir. 2008). This means that an attorney cannot be faulted for "not anticipating [subsequent] developments in law," id., as it is "all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Strickland, 466 U.S. at 689.

With respect to the prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Cullen, 563 U.S. at 189 (internal quotation marks omitted). This standard "requires a substantial, not just conceivable, likelihood of a different result." Id. (internal quotation marks omitted). When a petitioner alleges ineffective assistance of counsel at the plea-bargaining phase, "it is necessary to show a reasonable

7

probability that the end result of the criminal process would have been favorable by reason of a plea to a lesser charge or a sentence of less prison time." Missouri v. Frye, 566 U.S. 134, 147 (2012).

B.  "Crimes of Violence" and the Categorical Approach

Broadnax's Motion implicates the definitions of a "crime of violence" under two different statutes, Section 924(c) and Section 4B1.2 of the United States Sentencing Guidelines ("Section 4B1.2").[2] While the definitions differ between the two statutes, the approach to assessing whether an underlying offense amounts to a "crime of violence" is the same. Courts have explained that so-called "categorical approach" applies. This means that a court does not look to the specific circumstances of a given defendant's crimes, but rather "whether the federal felony at issue always requires the government to prove – beyond a reasonable doubt, as an element of its case – the use, attempted use, or threatened use of force." United States v. Taylor, 142 S. Ct. 2015, 2020 (2022). In short, the categorical approach requires courts to look to "the statutory definition of the crime of conviction" rather than the facts of the particular case. United States v.

---

[2] The Court notes that Section 4B1.1 of the Sentencing Guidelines sets forth the career offender enhancement, and Section 4B1.2 contains the definitions of certain terms included in Section 4B1.1, including "crime of violence."

8

Chappelle, 41 F.4th 102, 108 (2d Cir. 2022) (citing Moncrieffe v. Holder, 569 U.S. 184, 190 (2013)). So a given crime will "qualify as a predicate offense in all cases or none." Descamps v. United States, 570 U.S. 254, 268 (2013). The Supreme Court has noted that it "has long understood similarly worded statutes to demand similarly categorical inquiries," Taylor, 142 S. Ct. at 2020, and the Second Circuit has directly used this approach in Section 4B1.2 cases. See Chappelle, 41 F.4th at 108.

    1.   Section 924(c)

Title 18 of the United States Code, Section 924(c)(1)(A)(i) states that a mandatory five-year minimum sentence must be imposed, on top of any sentence for the underlying crime, for "any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm[.]" 18 U.S.C. § 924(c)(1)(A)(i). The statute defines "crime of violence" as a felony that meets either of two criteria: (A) it has as an element "the use, attempted use, or threatened use of physical force against the person or property of another" (the "elements clause"); or (B) the offense "by its nature, involves a substantial risk that physical force against the

9

person or property of another may be used in the course of committing the offense" (the "residual clause"). Id. § 924(c)(3).

### 2. Sections 4B1.1 and 4B1.2

Section 4B1.1 of the United States Sentencing Guidelines states that a defendant is a career offender if (1) at the time of the offense, the defendant was at least eighteen years old; (2) the "instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense;" and (3) the defendant has at least two prior felony convictions for crimes of violence or controlled substance offenses. U.S.S.G. § 4B1.1(a). Section 4B1.1 goes on to explain that a defendant who meets the criteria for "career offender" may be subject to heightened offense level calculations. Subsection (c) specifically states that where a defendant is convicted of an offense under Section 924(c) *and* meets the criteria for career offender set forth in subsection (a), then the guidelines sentence range will be higher than if the defendant was not a career offender. See id. § 4B1.1(c).

Section 4B1.2 defines a "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that has as an element the use, attempted use, or threatened use of physical

10

force against the person of another." Id. § 4B1.2(a).

### III. DISCUSSION

Broadnax's arguments for relief can be summarized as follows: (1) Trial Counsel was ineffective for failing to challenge, at plea bargaining and sentencing, whether the requirements for the career offender enhancement, as defined in Section 4B1.2, were met; (2) Appellate Counsel was ineffective for failing to investigate and argue that his offenses did not meet the definition of a "crime of violence" under Section 4B1.2; and (3) that his Section 924(c) conviction should be vacated because Hobbs Act robbery is not a crime of violence under Section 924(c).[3]

A.  Ineffective Assistance of Counsel

The first two arguments are intimately related, as both hinge on whether an attorney, acting within the wide range of reasonable professional assistance and making reasonable strategic decisions under legal standards applicable in 2018 and 2019, should have argued that Broadnax's crimes did not meet the definition of "crime of violence" in Section 4B1.2

---

[3] Broadnax purports to bring four grounds for relief in the Motion, but "Ground Three" asks whether he is entitled to an evidentiary hearing on the ineffective assistance claims. Under Section 2255, the court must grant an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Thus, the Court will assess whether Broadnax is entitled to a hearing after determining whether Broadnax has a "plausible claim of ineffective assistance of counsel." Puglisi v. United States, 586 F.3d 209, 213 (2d Cir. 2009) (quotations omitted).

11

and that he was not a career offender under Section 4B1.1. The Court will thus assess these two arguments in concert.

Broadnax points to two cases to support his contention that Trial Counsel should have argued against the career offender enhancement. However, neither case is binding on district courts in this Circuit: United States v. O'Connor, 874 F.3d 1147 (10th Cir. 2017), and United States v. Walker, 314 F. Supp. 3d 400 (E.D.N.Y. 2018). Indeed, both O'Connor and Walker find Hobbs Act robbery is not a crime of violence as that term is defined in the Sentencing Guidelines. Walker relies on O'Connor in reaching this conclusion with regard to Section 4B1.2. See Walker 314 F. Supp. 3d at 415-16. Broadnax believes counsel could have relied on these cases and succeeded in removing the career offender label.

However, the Court is not convinced that the Sixth Amendment requires counsel to make every argument that has ever succeeded before any federal court. Broadnax does not point to any binding precedent that suggests any competent attorney would have made an argument against the application of Section 4B1.1 at the time that Trial Counsel was negotiating his plea deal or at sentencing. And the Court cannot find that the decision not to make this argument was outside the bounds of reasonable decisionmaking in 2018 and 2019, given the rapidly evolving legal landscape surrounding

12

the term "crime of violence" and the use of the categorical approach. It was only this year that the Supreme Court stated, definitively, that the categorical approach must be used in cases that "pose[] the question whether the [crime] at issue has *as an element* the use, attempted use, or threatened use of physical force." Taylor, 142 S. Ct. at 2019 (quotations omitted). Also this year, the Second Circuit held that Hobbs Act robbery, as well as conspiracy to commit that offense, is not a crime of violence under Section 4B1.1.[4] See United States v. Chappelle, 41 F.4th 102, 107–08 (2d Cir. 2022).

It is easy, in hindsight, to say counsel should have argued conspiracy to commit Hobbs Act robbery, and perhaps also the Section 924(c) charge, was not a crime of violence triggering Section 4B1.1. But in 2018, at the time the plea deal was negotiated and signed, or 2019, during sentencing and direct appeal, those arguments were not obvious. It is well within the "wide range of reasonable professional assistance," Strickland, 466 U.S. at 689, that Trial Counsel, and later Appellate Counsel, looked at Broadnax's crimes and

---

[4] As the Government points out, either Count One or Count Two must be a "crime of violence" in order for Broadnax to have been labelled a career offender. While the Second Circuit has recently held Count One no longer qualifies, the Court cannot find any definitive statement that Count Two, the Section 924(c) charge, is similarly not a crime of violence under the categorical approach, raising doubt that an attorney should have known to make such an argument several years ago.

13

made a well-reasoned choice not to challenge the application of the career offender provision.

This conclusion is especially true when the Court takes into consideration the fact that Broadnax was originally charged with a number of very serious crimes and faced the possibility of life imprisonment. Counsel negotiated a very favorable plea agreement, in which both parties stipulated to the application of Section 4B1.1. Under the terms of the plea agreement, the Guidelines range was 262 to 327 months' imprisonment - significantly lower than a Guidelines range that would extend to life imprisonment. (See "Sentencing Transcript," Dkt. No. 136, at 17.)

Considering the terms of the plea agreement (and Counsel's rational desire not to disrupt the agreement), binding law at the time Trial and Appellate Counsel were representing Broadnax, and the uncertain legal landscape surrounding "crimes of violence" over the past decade, the Court cannot conclude that either Trial or Appellate Counsel acted below the standard for representation guaranteed by the Sixth Amendment. The Court cannot fault counsel for failing to predict the future, see Parisi, 529 F.3d at 141, so counsel was not ineffective. Because the first Strickland prong has not been satisfied, the Court does not need to assess prejudice.

B.  Broadnax's Section 924(c) Conviction

Next, Broadnax argues that his Section 924(c) conviction is contrary to the laws of the United States because Hobbs Act robbery is not a crime of violence, meaning a necessary element of the crime is absent. The Court disagrees, finding Hobbs Act robbery is a crime of violence as that term is defined in Section 924(c).

To begin, the Second Circuit has held that "Hobbs Act robbery is a crime of violence under 18 U.S.C. § 924(c)(A)." United States v. Hill, 890 F.3d 51, 52 (2d Cir. 2016). While the law concerning "crimes of violence" has changed in the years since Hill, this holding has remained undisturbed.[5] Section 924(c)(3) defines a "crime of violence" as a crime that has as an element the actual, attempted, or threatened use of force against another's person or property. See 18 U.S.C. § 924(c)(3)(A). Under the categorical approach, this means that Hobbs Act robbery must "always require[] the government to prove – beyond a reasonable doubt, as an element of its case – the use, attempted use, or threatened use of force." Taylor, 142 S. Ct. at 2020.

---

[5] Broadnax argues that Hobbs Act robbery is not a crime of violence under United States v. Johnson, 559 U.S. 133 (2010), a case that predated Hill by several years. The Hill Court heard and rejected this exact argument. See Hill, 890 F.3d at 57–59.

15

The elements of Hobbs Act robbery, as explained by the Government at sentencing, are (1) that the defendant knowingly obtained or took the personal property of another or from the presence of another (2) "against the victim's will by actual or threatened force, violence, or fear of injury, whether immediate or in the future;" and (3) as a result of those actions, interstate commerce or an item therein was delayed, obstructed, or affected. (Change of Plea Transcript at 14). See also Taylor 142 S. Ct. 2034–35 (Thomas, J., dissenting) (stating that the elements of Hobbs Act robbery). Element two involves the "use, attempted use, or threatened use of physical force," so Hobbs Act robbery is a crime of violence under Section 924(c). Broadnax's conviction under Section 924(c) is in line with the laws of the United States, and no hearing is needed to determine, conclusively, that his Section 924(c) conviction should not be vacated.

Broadnax requested an evidentiary hearing on his Motion, but a district court may decline to hold an evidentiary hearing in Section 2255 cases where it is clear from the record before the Court that the motion lacks merit. See Puglisi, 586 F.3d at 213 (quoting Rules Governing § 2255 Proceedings for the United States District Courts, Rule 4(b)). Thus, the motion for a hearing is denied.

## IV. ORDER

Accordingly, for the reasons stated above, it is hereby

**ORDERED** that the motion of petitioner Kariem Broadnax ("Broadnax") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED**. (See United States v. Broadnax, No. 15 Crim. 878, Dkt. No. 175; Broadnax v. United States, No. 22 Civ. 537, Dkt. No. 1.). The Clerk of Court is directed to close Civil Case No. 22 Civ. 537 and terminate all pending motions.

The Clerk of Court is hereby directed to mail this Order to Kariem Broadnax, Register Number 92496-054, F.C.I. Thomson, P.O. Box 1002, Thomson, Illinois 61285 and note service on the docket.

Because Broadnax has failed to demonstrate a denial of a constitutional right, a certificate of appealability will not issue.

**SO ORDERED.**

Dated:   New York, New York
         12 September 2022

_____
Victor Marrero
U.S.D.J.