USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/06/2023

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

- against -

KARIEM BROADNAX,

                Defendant.

**15 Cr. 878 (VM)**

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

On October 22, 2018, petitioner Kariem Broadnax ("Broadnax") pleaded guilty to one count of conspiracy to commit Hobbs Act robbery ("Count One"), in violation of 18 U.S.C. Section 1951 ("Section 1951"), and one count of using, carrying, and possessing a firearm and aiding and abetting the same during and in relation to a different Hobbs Act robbery ("Count Two"), in violation of 18 U.S.C. Section 924(c)(1)(A)(i) ("Section 924(c)"). On March 22, 2019, the Court sentenced Broadnax to 150 months' imprisonment on Count One and a 60-month mandatory consecutive sentence on Count Two, for a total of 210 months' imprisonment, to be followed by three years of supervised release. (See "Judgment," Dkt. No. 131.) Broadnax is currently serving his sentence in U.S.P. Victorville.

By letter, dated May 14, 2023, Broadnax mailed to the Court a pro se motion for appointment of counsel in order to

1

file a motion for compassionate release pursuant to 18 U.S.C. Section 3582(c)(1)(A) ("Section 3582"). (See "Motion," Dkt. No. 220.) Despite the Court's Order, dated May 31, 2023 (see Dkt. No. 221), the Government did not respond to Broadnax's Motion. Now pending before the Court is Broadnax's Motion for appointment of counsel, which the Court denies because Broadnax has not demonstrated that he has complied with the Section 3582 administrative exhaustion requirements, nor has he sufficiently demonstrated that his circumstances are "extraordinary and compelling," 18 U.S.C. § 3582(c)(1)(A), warranting relief.

Generally, "a defendant has no right to the assistance of counsel in filing a motion for compassionate release or appealing from the denial of such a motion." United States v. Fleming, 5 F.4th 189, 193 (2d Cir. 2021). In criminal matters, "the right to appointed counsel 'extends to the first appeal of right, and no further.'" Starkes v. United States, No. 20 Civ. 0265, 2020 WL 230944, at *1 (S.D.N.Y. Jan. 15, 2020) (quoting Pennsylvania v. Finley, 481 U.S. 551, 555 (1987)). For a compassionate release motion, such as the one anticipated here, it is within the district court's discretion whether to appoint counsel. See United States v. Hilliard, No. 17 Cr. 35, 2021 WL 242538, at *2 n.1 (S.D.N.Y. Jan. 25, 2021).

The Court finds that Broadnax's likelihood of success on his proposed motion for compassionate release is remote. First, the Court notes that Broadnax has not demonstrated on this Motion that he has satisfied the exhaustion requirements under Section 3582(c)(1). See 18 U.S.C. § 3582(c)(1)(A) (providing that the court may entertain a defendant's compassionate release motion "after the defendant has fully exhausted all administrative rights").

However, even if Broadnax satisfied Section 3582's administrative exhaustion requirement, the Court is not persuaded that Broadnax is likely to succeed on the merits. Broadnax seeks appointment of counsel in order to file a motion under Section 3582(c)(1) on the ground that the United States Sentencing Commission (the "Commission") announced changes to the United States Sentencing Guidelines (the "Guidelines") that would allow inmates to use changes in the law as a "compelling and extraordinary" ground warranting a sentence reduction. (See Motion at 2.) The Commission submitted its 2023 adopted amendments to the Guidelines ("Proposed Amendments") to Congress on April 27, 2023, and the Proposed Amendments are slated to go into effect beginning November 1, 2023. See Amendments to the Sentencing Guidelines, U.S. Sentencing Commission (Apr. 27, 2023),

3

available at https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202305_RF.pdf.

Broadnax specifically contends that under the Proposed Amendments, he would no longer be classified as a career offender because the Second Circuit determined in United States v. Chappelle, 41 F.4th 102 (2d Cir. 2022), that his predicate felonies -- his New York state robbery convictions -- are not categorically crimes of violence and, therefore, Broadnax would not have been classified as a career offender under the law were he sentenced today. (See Motion at 2.)

The Court notes that the Proposed Amendments are not yet in effect as of the date of this Decision and Order. Nevertheless, even if the Proposed Amendments were in effect at this time, the Court is not persuaded that Broadnax is entitled to a sentence reduction under the Proposed Amendments, as he argues. Generally, "[i]ntervening case law, or a change in statutory law, that results in a lower advisory Guidelines range if an incarcerated defendant were sentenced in the present day does not in and of itself constitute extraordinary and compelling reasons under section 3582(c)(1)(A)(i)." United States v. Tillman, No. 13 Cr. 362, 2023 WL 355624, at *3 (S.D.N.Y. Jan. 23, 2023). The Proposed Amendments include intervening case law as an "extraordinary and compelling reason" that a court may consider. Section

4

1B1.13(b)(6) of the Proposed Amendments, titled "Unusually Long Sentence," provides:

> If a defendant received an unusually long sentence <u>and</u> has served at least 10 years of the term of imprisonment, a change in the law . . . may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Amendments to the Sentencing Guidelines, § 1B1.13(b)(6) (emphasis added). Broadnax received a total sentence of 210 months (17.5 years) for his convictions under Section 1951 and Section 924(c). However, as he was sentenced on October 22, 2018, Broadnax has not yet served at least 10 years of his term of imprisonment. Thus, he has not satisfied the threshold requirements necessary for the Court to consider whether a change in law presents an extraordinary and compelling reason to consider whether a sentence reduction is warranted.

Although intervening case law, or a change in statutory law, was not itself a qualifying reason under Section 3582 prior to the adoption of the Proposed Amendments, courts in this District have still considered intervening changes in the law as a factor in determining whether extraordinary and compelling reasons exist when considering a Section 3582

5

motion. See Tillman, 2023 WL 355624, at *3; United States v. Holland, No. 18-CR-908, 2023 WL 5702483, at *2 (S.D.N.Y. Sept. 5, 2023).

But even upon consideration of the merits of Broadnax's argument, the Court is not persuaded that Chappelle supports reducing Broadnax's sentence. Broadnax's sentencing guideline range was calculated based on his Total Offense Level of 29 and Criminal History Category of VI pursuant to U.S.S.G. § 4B1.1, in part, since he was a career offender because his state Hobbs Act robbery convictions were considered to be crimes of violence at the time of his sentencing in 2020. (See Presentence Investigation Report ("PSR") ¶¶ 73, 92-94, 145, ECF. No. 124.) These convictions, if considered subsequent to Chappelle, would not constitute crimes of violence; but, even had Broadnax not been considered a career offender, he would still be in Criminal History Category VI because he had at least 13 criminal history points, which resulted in a sentencing guideline range of 151 to 188 months. (See id. ¶ 93.) Moreover, Broadnax's sentencing guideline range was further increased because Count Two was a violation of Section 924(c), resulting in a sentencing guideline range of 262 months to 327 months. (See id. ¶ 145 (citing U.S.S.G. § 4B1.1(c)(2).) Thus, applying Chappelle to Broadnax's situation would not change the Court's below-guideline

sentence of 210 months. See Tillman, 2023 WL 355624, at *3; Holland, 2023 WL 5702483, at *2. Accordingly, Chappelle does not present an extraordinary and compelling reason for a reduction in Broadnax's sentence.

Further, even if the Court determined that extraordinary and compelling circumstances exist based on Chappelle as intervening case law, the Court "may deny" a compassionate release motion "if, in its discretion, compassionate release is not warranted because Section 3553(a) factors override, in any particular case, what would otherwise be extraordinary and compelling circumstances." United States v. Gotti, 433 F. Supp. 3d 613, 615 (S.D.N.Y. 2020). In fashioning Broadnax's original sentence, the Court considered and weighed the factors under 18 U.S.C. Section 3553 ("Section 3343"), including: the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to promote certain objectives of the criminal justice system, namely, punishment, specific and general deterrence, and rehabilitation; and the need to avoid unwarranted sentencing disparities among defendants with similar records and similar offenses in other cases, as well as in connection with the case at hand. The Court considered that Broadnax played a critical role in a homicide and participated directly in four separate robberies, each

7

involving physical force. Accordingly, the Court found that a sentence of 210 months was reasonable and appropriate, in that such a term was sufficient but not greater than necessary to promote the proper objectives of sentencing.

Having considered the foregoing factors, the Court finds that Broadnax's original sentence was sufficient but not greater than necessary to fulfill the goals of sentencing under Section 3553. Furthermore, the Court does not find that a reduction in his sentence would be consistent with the serious nature and circumstances of his offense, his criminal history, and the need to ensure adequate deterrence. As the Court is not persuaded that Broadnax's anticipated motion for compassionate release is meritorious, his Motion for appointment of counsel to file a compassionate release motion is denied.

Accordingly, it is hereby

**ORDERED** that the motion (Dkt. No. 220) by defendant Kariem Broadnax ("Broadnax") for appointment of counsel in order to file a motion for compassionate release pursuant to 18 U.S.C. Section 3582(c)(1)(A) is **DENIED** without prejudice.

The Clerk of Court is directed to mail a copy of this Decision and Order to Kariem Broadnax, Register Number 92496-054, U.S.P. Victorville, P.O. Box 3900, Adelanto, California 92301 and note service on the docket.

8

**SO ORDERED.**

Dated:    6 October 2023
          New York, New York

_____
Victor Marrero
U.S.D.J.