USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/4/25

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>- against -<br><br>KARIEM BROADNAX,<br>　　　　　　　　　Defendant. | **15-CR-878 (VM)**<br><br>**Decision and Order** |

**VICTOR MARRERO, United States District Judge.**

Before the Court is the *pro se* motion of defendant Kariem Broadnax ("Broadnax") for the appointment of counsel pursuant to 18 U.S.C. § 3006A(g). ("Motion" or "Mot.," Dkt. No. 225.) Broadnax requests appointment of counsel to (1) challenge his career offender enhancement "on different grounds" and (2) seek application of United States Sentencing Guidelines ("Guidelines") Amendments effective November 1, 2024 (*i.e.,* Amendments 826-31 (collectively, the "November 2024 Amendments")). (Mot., at 1.) The Court construes Broadnax's Motion as expressing his intent to apply for a sentence reduction under 18 U.S.C. § 3582(c)(1)A) and (c)(2). After considering the record in this case and Broadnax's submission, the Court denies Broadnax's Motion.

## I.    BACKGROUND

On October 22, 2018, Broadnax pleaded guilty to one count of conspiracy to commit Hobbs Act robbery ("Count One"), in

1

violation of 18 U.S.C. § 1951 ("Section 1951"), and one count
of using, carrying, and possessing a firearm and aiding and
abetting the same during and in relation to the Hobbs Act
robbery ("Count Two"), in violation of 18 U.S.C.
§ 924(c)(1)(A)(i) and (2) ("Section 924(c)"). (See Dkt.
Minute Entry for October 22, 2018; Dkt. No. 120.) On March
22, 2019, the Court sentenced Broadnax to 150 months'
imprisonment on Count One and a 60-month mandatory
consecutive sentence on Count Two, for a total of 210 months'
imprisonment, to be followed by five years of supervised
release. (See Dkt. Minute Entry for March 22, 2019;
"Judgment," Dkt. No. 131.) Broadnax is currently serving his
sentence in U.S.P. Victorville.

## II.  DISCUSSION

In criminal matters, "the right to appointed counsel
'extends to the first appeal of right, and no further.'"
Starkes v. United States, No. 20 Civ. 0265, 2020 WL 230944,
at *1 (S.D.N.Y. Jan. 15, 2020) (quoting Pennsylvania
v. Finley, 481 U.S. 551, 555 (1987)). Hence, for a
compassionate release motion under 18 U.S.C. § 3582(c)(1)(A)
("Section 3582(c)(1)(A)") or a motion for sentence reduction
under 18 U.S.C. § 3582(c)(2) ("Section 3582(c)(2)"), it is
within the district court's discretion whether to appoint
counsel. See United States v. Hilliard, No. 17 Cr. 35, 2021

2

WL 242538, at *2 n.1 (S.D.N.Y. Jan. 25, 2021); United States

v. Myers, 524 F. App'x 758, 759 (2d Cir. 2013) ("[T]he merits

of a § 3582(c)(2) motion will be a significant factor in the

exercise of [the district court's] discretion in determining

whether to appoint counsel." (internal quotation omitted)).

   A.    SECTION 3582(c)(1)(A) – CAREER OFFENDER ENHANCEMENT

   This Court previously denied Broadnax's request for

counsel to challenge his career offender enhancement under

Section 3582(c)(1)(A) in a detailed Decision and Order on

October 6, 2023. (See Dkt. No. 224.) Broadnax now seeks to

challenge his career offender enhancement on "different

grounds." (Mot., at 1.) Broadnax fails to point to any law or

facts that the Court overlooked and that may alter to the

Court's judgment. See Shrader v. CSX Transp., Inc., 70 F.3d

255, 257 (2d Cir. 1995).

   Broadnax previously moved for the appointment of counsel

to move for a sentence reduction under Section 3582(c)(1)(A)

through the application of Guidelines Amendment 814, which

clarified that a change in the law qualified as a "compelling

and extraordinary" ground warranting a sentence reduction.

(See Dkt. No. 220, at 1-2.) This Court denied Broadnax's prior

motion because (1) he had not demonstrated that he exhausted

his administrative remedies – a threshold requirement under

Section 3582(c)(1)(A) – and (2), as he was sentenced on March

22, 2019, he had not yet served at least ten years of his term of imprisonment – a threshold requirement of Amendment 814. (See Dkt. No. 224, at 3, 5.) Broadnax still cannot seek the application of Amendment 814 because he has not served at least ten years of his prison sentence. Regardless, any motion under Section 3582(c)(1)(A) would fail because Broadnax has not shown that he has exhausted his administrative remedies.

B.    SECTION 3582(c)(2) - THE NOVEMBER 2024 AMENDMENTS

The Court construes Broadnax's stated intent to apply the November 2024 Amendments as an intent to move under Section 3582(c)(2) for a sentence reduction because his "sentencing range . . . has subsequently been lowered by the Sentencing Commission pursuant to [amendments to the Guidelines]." 18 U.S.C. § 3582(c)(2). Upon a Section 3582(c)(2) motion, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a)" and "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id.

Per the Guidelines policy statement on sentence reductions, only amendments listed in Section 1B1.10(d) apply retroactively. None of the November 2024 Amendments are listed in subsection(d). See U.S.S.G. 1B1.10(d). Accordingly, any Section 3582(c)(2) motion premised upon retroactive

4

application of the November 2024 Amendments to reduce Broadnax's sentence would fail.

### III. ORDER

Accordingly, it is hereby

**ORDERED** that the Motion of defendant Kariem Broadnax for the appointment of counsel pursuant to 18 U.S.C. § 3006A(g) is **DENIED,** as the Court finds that Broadnax is precluded from relief under his intended motion pursuant to 18 U.S.C. § 3582.

The Clerk of Court is respectfully directed to mail a copy of this Order to Kariem Broadnax, Register Number 92496-054, U.S.P. Victorville, P.O. Box 3900, Adelanto, California 92301, and note service on the docket.


**SO ORDERED.**


Dated:    March 4, 2025
          New York, New York

                                        _____
                                        Victor Marrero
                                        U.S.D.J.