USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/28/25

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

- against -

KARIEM BROADNAX,

                Defendant.

---

**15-cr-878 (VM)**

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

    Before the Court is the *pro se* letter motion of defendant Kariem Broadnax ("Broadnax") for appointment of counsel in order to file a motion under 18 U.S.C. § 3582 ("Section 3582").[1] ("Motion" or "Mot.," Dkt. No. 228.) Broadnax requests appointment of counsel to seek compassionate release on the basis of (1) an "unusually long sentence," (2) a "change in law," and (3) "sentence disparity between Broadnax and co-defendants." (Mot. at 1.) After considering the record in this case and Broadnax's submission, the Court denies Broadnax's Motion.

    **I.**     **BACKGROUND**

    On October 22, 2018, Broadnax pleaded guilty to one count of conspiracy to commit Hobbs Act robbery ("Count One"), in

---

[1] Broadnax's Motion does not specify whether he intends to file a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) or a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). Based on the description of Broadnax's contemplated Section 3582 motion in his letter, the Court construes Broadnax's Motion as expressing his intent to apply for compassionate release dunder 18 U.S.C. § 3582(c)(1)(A)(i).

violation of 18 U.S.C. § 1951, and one count of using, carrying, and possessing a firearm and aiding and abetting the same during and in relation to the Hobbs Act robbery ("Count Two"), in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (2). (See Dkt. Minute Entry for October 22, 2018; Dkt. No. 120.) On March 22, 2019, the Court sentenced Broadnax to 150 months' imprisonment on Count One and a 60-month mandatory consecutive sentence on Count Two, for a total of 210 months' imprisonment, to be followed by five years of supervised release. (See Dkt. Minute Entry for March 22, 2019; "Judgment," Dkt. No. 131.)

Broadnax is currently serving his sentence in U.S.P. Coleman. The Court has twice previously denied Broadnax's motions for appointment of counsel to file Section 3582 motions. (See Dkt. Nos. 224, 227.)

## II.  DISCUSSION

In criminal matters, "the right to appointed counsel 'extends to the first appeal of right, and no further.'" Starkes v. United States, No. 20 Civ. 0265, 2020 WL 230944, at *1 (S.D.N.Y. Jan. 15, 2020) (quoting Pennsylvania v. Finley, 481 U.S. 551, 555 (1987)). Accordingly, for a compassionate release motion under Section 3582(c)(1)(A) or a motion for sentence reduction under Section 3582(c)(2), it is within the district court's discretion whether to appoint

counsel. See United States v. Hilliard, No. 17 Cr. 35, 2021 WL 242538, at *2 n.1 (S.D.N.Y. Jan. 25, 2021). Where it is "readily apparent that the underlying motion is meritless," a motion for appointment of counsel should properly be denied. Schlussel v. United States, No. 08 Cr. 694, 2014 WL 1875928, at *3 (S.D.N.Y. May 9, 2014).

When considering a motion for compassionate release under Section 3582(c)(1)(A)(i), a court considers in the first instance whether "extraordinary and compelling reasons warrant" a sentence reduction and whether "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i); see generally United States v. Kimbell, No. 21-288, 2021 WL 5441249, at *1 (2d Cir. Nov. 22, 2021) (summary order). Following the United States Sentencing Commission's November 2023 amendment of the policy statement contained at U.S.S.G. § 1B1.13, that policy statement now controls as to what constitutes extraordinary and compelling reasons for purposes of motions for compassionate release. See, e.g., United States v. Lopez, No. 16 Cr. 317, 2024 WL 964593, at *2 (S.D.N.Y. Mar. 5, 2024).

Broadnax presents no colorable extraordinary and compelling reason in support of his proposed Section 3582 motion. An "unusually long sentence" alone is not a

3

sufficiently extraordinary and compelling reason but may support compassionate release where a change in law "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(6). The Court has twice previously denied Broadnax's requests for appointment of counsel to seek compassionate release based on a change in law. (See Dkt. Nos. 224, 227.) As explained in the Court's prior orders, because Broadnax has served less than ten years of his term of imprisonment, he has not satisfied the threshold requirement necessary for the Court to consider whether a change in law in combination with the length of his sentence presents an extraordinary and compelling reason warranting a sentence reduction. See U.S.S.G. § 1B1.13(b)(6).

Broadnax's other proposed basis for his contemplated Section 3582 motion - "sentence disparity between Broadnax and [his] co-defendants," (Mot. at 1) – is also without merit. Courts consider the "need to avoid unwarranted sentence disparities" in connection with motions for compassionate release. See United States v. Keitt, 21 F.4th 67, 71 (2d Cir. 2021). But the possibility of sentence disparities between co-defendants is not itself an "extraordinary and compelling reason" warranting a reduction in sentence or compassionate release. See id.; U.S.S.G. § 1B1.13.

As the Court is not persuaded that Broadnax's anticipated motion for compassionate release is meritorious, his Motion for appointment of counsel to file a compassionate release motion is denied.

### III. ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the Motion of defendant Kariem Broadnax for appointment of counsel (Dkt. No. 228) is **DENIED,** as the Court finds that Broadnax's intended motion for relief pursuant to 18 U.S.C. § 3582 is without merit.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. No. 228. The Clerk of Court is also respectfully directed to mail a copy of this Order to Kariem Broadnax, Register Number 92496-054, U.S.P. Coleman 1, P.O. Box 1033, Coleman, Florida 33521, and note service on the docket.

**SO ORDERED.**

Dated:   28 October 2025
         New York, New York

_____
Victor Marrero
U.S.D.J.

5